**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52889**

| | |
|---|---|
| RUGGED RENTALS, LLC, a Tennessee limited liability company, ) | Filed:  July 14, 2026 |
| Plaintiff-Counterdefendant-Appellant, ) | Melanie Gagnepain, Clerk |
| v. ) | |
| LANE PAXIA, an individual, ) | |
| Defendant-Counterclaimant-Respondent, ) | |
| and ) | |
| TIM SNYDER, ) | |
| Defendant. ) | |
| LANE PAXIA, an individual, ) | |
| Crossclaimant, ) | |
| v. ) | |
| TIMOTHY ZANE SNYDER, an individual, ) | |
| Cross-defendant. ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Butte County.  Hon. Darren B. Simpson, District Judge.

Judgment dismissing claims and awarding attorney fees, <u>reversed</u> and <u>case remanded</u>; order denying motion for reconsideration, <u>reversed</u> and <u>remanded</u>.

Racine Olson, PLLP; Heidi Buck Morrison, Pocatello, for appellant.  Heidi Buck Morrison argued.

1

Echo Hawk & Olsen, PLLC; Donald A. Sonnefeld, Pocatello, for respondent. Donald A. Sonnefeld argued.

_____

TRIBE, Chief Judge

Rugged Rentals, LLC appeals from the district court's judgment dismissing Rugged Rentals' claims against Lane Paxia and awarding attorney fees to Paxia and from the district court's order denying Rugged Rentals' motion for reconsideration. We reverse and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Rugged Rentals entered into a Rental Purchase Agreement and Disclosure (RPA) with Tim Snyder for a lofted shed. Under the RPA, Snyder agreed to make periodic payments in exchange for possession, with ownership transferring to him upon completion of the payment term. The shed was located on real property owned by Snyder at the time the RPA was executed. Snyder later sold the real property, including the shed, to Paxia. After the sale, Rugged Rentals alleged that Snyder ceased making payments under the RPA. Paxia did not enter into any agreement with Rugged Rentals regarding the shed but remained in possession of it on the property he purchased from Snyder.

Rugged Rentals filed a complaint against Snyder and Paxia asserting claims for surrender of the shed, monetary damages for past-due payments and related charges, and unjust enrichment. Rugged Rentals also sought possession of the shed. Snyder failed to respond to the complaint and default was entered against him. Paxia generally denied Rugged Rentals' claims, asserted affirmative defenses, and filed a counterclaim against Rugged Rentals for civil trespass with damage. Paxia also filed a cross-complaint against Snyder for breach of contract, breach of implied covenant of good faith and fair dealing, and equitable indemnity. Rugged Rentals answered Paxia's counterclaim and asserted affirmative defenses. Default was entered against Snyder on Paxia's claims.

Paxia thereafter moved to dismiss Rugged Rentals' claims against him, arguing the Idaho Lease-Purchase Agreement Act's (ILPAA) statute of limitations barred the claims and that the complaint failed to establish a basis for liability against him. The district court denied Paxia's motion, stating the ILPAA's statute of limitations did not apply but, in reviewing the pleadings, the district court identified a potential deficiency regarding the legal basis for Rugged Rentals'

2

claims against Paxia. Following supplemental briefing, the district court dismissed Rugged Rentals' claims against Paxia, concluding the complaint failed to allege facts establishing a contractual relationship or other legal basis entitling Rugged Rentals to recover from Paxia.

The district court further determined Rugged Rentals pursued its claims without foundation and awarded Paxia attorney fees pursuant to Idaho Code § 12-121. Rugged Rentals moved for reconsideration, asserting the complaint sufficiently alleged a claim for possession and that a contractual relationship existed under I.C. § 28-12-305(1). The district court denied the motion, concluding Rugged Rentals raised new legal theories not identified in its complaint. Rugged Rentals appeals.

## II.

## STANDARD OF REVIEW

As an appellate court, we will affirm a trial court's grant of an Idaho Rule of Civil Procedure 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

## III.

## ANALYSIS

Rugged Rentals challenges three of the district court's rulings: (1) dismissal of its claims against Paxia for failure to state a claim; (2) denial of its motion for reconsideration; and (3) the award of attorney fees under I.C. § 12-121. Rugged Rentals argues the complaint alleged sufficient facts to state a claim for possession under Idaho's notice pleading standard and that its claims were not pursued "frivolously, without foundation, or unreasonably." Paxia responds the complaint failed to allege a legal basis connecting him to liability and that the district court properly awarded attorney fees. Paxia requests attorney fees on appeal. We address each issue in turn.

3

**A.      Failure to State a Claim**

Rugged Rentals argues the complaint alleged that Rugged Rentals owned the shed, Snyder leased the shed, Snyder purported to transfer the shed to Paxia, Paxia remained in possession of the shed, and Rugged Rentals was entitled to immediate possession. Rugged Rentals contends Idaho's notice pleading standard does not require identification of a specific legal theory and that the district court erred by sua sponte raising the question of deficiencies in the complaint. Paxia responds that the complaint failed to allege any legal basis connecting him to liability and that dismissal was therefore proper. Paxia further argues Rugged Rentals raised a statutory theory only after the district court questioned the legal basis for the claims and that the district court did not decide sua sponte to dismiss the complaint against Paxia.

The complaint alleged Rugged Rentals owned the shed and entered into the RPA with Snyder, under which he would obtain ownership upon completion of payments. The complaint further alleged Snyder sold the real property, including the shed, to Paxia and that he remained in possession of the shed. Rugged Rentals' complaint sought repossession of the shed from both Snyder and Paxia. The district court concluded the complaint failed to allege facts establishing a contractual relationship or other legal basis between Rugged Rentals and Paxia because Rugged Rentals did not identify a legal basis under which Paxia could be held liable. The district court emphasized that Paxia was not a party to the RPA and that Rugged Rentals had no contractual relationship with Paxia. This reflects a misapplication of Idaho's notice pleading standard. A complaint need not identify a specific legal theory so long as it alleges facts sufficient to place the opposing party on notice of the nature of the claim and the relief sought. *See Brown v. City of Pocatello*, 148 Idaho 802, 808, 229 P.3d 1164, 1170 (2010). In *Brown*, the Court explained that Idaho's notice pleading framework does not require a plaintiff to "slavishly" adhere to particular legal theories where the factual allegations themselves provide notice of the nature of the claim. *Id.* at 807-08, 229 P.3d at 1169-70.

At oral argument, Paxia argued that the instant case is analogous to the Idaho Supreme Court's recent decision in *Beardslee v. Ratliff Family LLC*, ___ Idaho ___, 590 P.3d 356 (2026). There, Beardslee argued her complaint satisfied Idaho's notice-pleading requirements because it generally cited the statutory provision authorizing judicial dissolution. *Id.* at ___, 590 P.3d at 366. The Court rejected that argument, explaining that the complaint merely tracked

4

statutory language and failed to allege facts supporting the theory ultimately pursued at trial. *Id.* at ___-___, 590 P.3d at 366-67. The Court emphasized that the complaint contained conclusory allegations mirroring the statute but did not identify the underlying conduct that allegedly satisfied the statutory requirements. *Id.* at ___, 590 P.3d at 366. However, *Beardslee* arose in a different procedural posture than the instant case. There, the sufficiency of Beardslee's allegations was considered during summary judgment proceedings and a bench trial, whereas the instant case concerns dismissal at the pleading stage under I.C.R.P. 12(b)(6). *See id.* at ___, 590 P.3d at 367.

Unlike the complaint in *Beardslee*, Rugged Rentals' complaint alleged specific facts concerning the shed and Paxia's alleged involvement. The complaint alleged that Snyder "sold the real property where the Leased Property is located to a third party, Paxia, and purported to also sell to Paxia the Leased Property as part of the sale of the real property." The complaint further alleged that Snyder "has failed to tender any lease payments for the past 21 months while continuing to retain possession and use of the Leased Property." In its prayer for relief, Rugged Rentals sought possession of the shed from both Snyder and Paxia. Taken together, these allegations identified Paxia, described his alleged connection to the shed, and provided notice that Rugged Rentals sought possession of the shed from him. Moreover, the issue here is not whether Rugged Rentals attempted to pursue an unpled theory after the pleadings stage but whether the factual allegations in the complaint provided Paxia fair notice of the claims and the relief sought. The complaint alleged specific facts supporting Rugged Rentals' claims and the relief sought and therefore satisfied Idaho's notice pleading standard.

The district court's analysis, instead, required Rugged Rentals to articulate a specific legal theory--namely, a contractual basis tied to the RPA--before allowing the claims to proceed. Whether the RPA constitutes a lease, a lease-purchase agreement, or a secured transaction--and whether such characterization permits recovery against a subsequent purchaser--are questions going to the merits of the claims, not the sufficiency of the pleadings. At the I.R.C.P. 12(b)(6) stage, the inquiry is limited to whether the alleged facts, if true, would entitle a plaintiff to relief.

Regarding the parties' sua sponte arguments, Paxia's motion to dismiss was initially premised on the statute of limitations under the ILPAA and included a general assertion that Rugged Rentals' complaint was deficient. The district court rejected the statute of limitations

argument but, in reviewing the pleadings, identified what it viewed as a separate deficiency--namely, the absence of any pled basis connecting Paxia to liability. In doing so, the district court stated it was "compelled to address" that Rugged Rentals made no claim for relief against Paxia--a ground not squarely presented in his motion.

The district court ordered supplemental briefing to address how Rugged Rentals could proceed against Paxia. The parties submitted additional briefing, after which the district court dismissed all claims against Paxia. Thus, while the district court afforded the parties an opportunity to respond, the dispositive ground for dismissal originated from the district court's own identification of an alleged pleading deficiency.

This procedural sequence resembles the circumstances addressed in *Stasiewicz v. Henry's Lake Vill., LLC*, ___ Idaho ___, ___-___, 582 P.3d 44, 51-53 (2026). There, the district court requested supplemental briefing on an issue not raised by the parties and later resolved the case on that basis. *Id*. at ___, 582 P.3d at 49. The Court concluded the district court erred by dismissing the claim based on a ground independently raised by the district court rather than litigated through the parties' asserted claims and defenses. *Id*. at ___-___, 582 P.3d at 53-55. In the instant case, the district court ordered supplemental briefing. The dispositive pleading deficiency issue originated with the district court rather than the issues squarely presented in Paxia's motion to dismiss. Even after supplemental briefing, dismissal remains improper if the complaint's factual allegations, taken as true, state a claim for relief as the sufficiency of the complaint must still be evaluated under I.C.R.P. 12(b)(6) and Idaho's notice pleading framework. Because the district court's dismissal ultimately rested on requiring Rugged Rentals to articulate a specific legal theory, rather than determining whether the pleaded facts provided fair notice of a claim of possession, it applied an unduly restrictive standard. Accordingly, the district court erred in concluding the complaint failed to state a claim against Paxia.

**B.      Motion for Reconsideration**

Rugged Rentals argues reconsideration was warranted because I.C. § 28-12-305(1) supports privity of contract between Rugged Rentals and Paxia. Paxia argues Rugged Rentals improperly raised a new legal theory in its motion for reconsideration.

The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Campbell v. Reagan*, 144 Idaho 254, 258, 159 P.3d 891, 895

6

(2007); *Carnell v. Barker Mgmt. Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002). Rugged Rentals' motion for reconsideration identified statutory authority addressing the transfer of interests in leased goods. The cited authority (I.C. § 28-12-305(1)) related directly to the district court's conclusion that Rugged Rentals had not alleged a legal basis for recovery against Paxia. Thus, the motion did more than reargue prior positions--it provided authority bearing on the precise deficiency identified by the district court.

Because the complaint alleged facts describing Rugged Rentals' ownership interest and Paxia's possession of the shed, the authority Rugged Rentals identified bore directly on whether the complaint plausibly stated a claim. The district court was therefore required to consider whether that authority affected the correctness of its prior ruling. By declining to do so and, instead, characterizing the motion as raising a new legal theory, the district court failed to apply the legal framework governing reconsideration. The district court thus erred in denying the motion for reconsideration.

## C.    Attorney Fees and Costs

### 1.    District court's award of attorney fees

Rugged Rentals argues the district court erred in awarding attorney fees to Paxia, asserting its claims were supported by factual allegations establishing its ownership interest in the shed and its entitlement to possession. Rugged Rentals contends its claims presented legitimate legal questions regarding Idaho's notice pleading standard and the legal characterization of the RPA. Paxia responds that the district court correctly determined Rugged Rentals' claims lacked a legal basis and that Rugged Rentals advanced new legal arguments only after the district court questioned the viability of the claims.

The district court determined Paxia was the prevailing party and concluded Rugged Rentals pursued its claims without foundation. However, as discussed above, the complaint alleged facts supporting Rugged Rentals' asserted ownership interest and right to possession and presents legitimate legal questions regarding Idaho's pleading standard and the characterization of the RPA. Therefore, Paxia was not the prevailing party. Accordingly, the district court erred in awarding attorney fees to Paxia.

## 2. Attorney fees and costs on appeal

Paxia requests attorney fees on appeal pursuant to I.C. §§ 12-120(1) and 12-121, asserting the appeal merely restates arguments rejected by the district court and does not present a genuine issue of law. Rugged Rentals does not request attorney fees on appeal.

An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Paxia is not the prevailing party on appeal and is therefore not entitled to attorney fees. Rugged Rentals is the prevailing party but did not request attorney fees and is therefore not entitled to such an award. Costs on appeal are awarded to Rugged Rentals as the prevailing party.

## IV.

## CONCLUSION

Because the district court's dismissal ultimately rested on requiring Rugged Rentals to articulate a specific legal theory, the district court erred in dismissing Rugged Rentals' claims against Paxia for failure to state a claim. The district court further erred in denying Rugged Rentals' motion for reconsideration. The district court also erred in awarding attorney fees to Paxia. Accordingly, the district court's judgment dismissing Rugged Rentals' claims against Paxia and awarding attorney fees to Paxia and the district court's order denying Rugged Rentals' motion for reconsideration are reversed. The case is remanded for further proceedings consistent with this opinion. Costs on appeal are awarded to Rugged Rentals.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.